UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA LYNN KIKOLSKI,

        Plaintiff,                              Case Number 14-14700
                                                      Honorable David M. Lawson
v.                                                      Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on December 11, 2014 seeking review of the Commissioner's decision denying the plaintiff's claims for child's insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on January 27, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response to the objections. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 26 years old, filed her applications for child's disability insurance and supplemental security income benefits on January 23 and February 29, 2012, when she was 22. The plaintiff had filed a previous application for benefits, which was denied through the administrative review level. An administrative law judge (ALJ) found that the plaintiff was not

disabled in a decision issued on August 12, 2011. In the plaintiff's new application currently under review, she alleged an onset date of August 13, 2011.

The plaintiff finished high school and never worked. She has been diagnosed with major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder (ADHD), postural orthostatic tachycardia syndrome (POTS), fibromyalgia, obesity, and migraine headaches.

The plaintiff's second applications for child's disability and SSI benefits were denied initially on June 26, 2012. The plaintiff timely filed a request for an administrative hearing, and on August 1, 2013, the plaintiff appeared before ALJ Kim L. Bright. On September 4, 2013, ALJ Bright issued a written decision in which she found that the plaintiff not disabled. On October 22, 2014, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed her complaint seeking judicial review on December 11, 2014.

As the ALJ noted, to qualify for child's insurance benefits, a claimant must show that she has a disability that began before the age of 22. Because of the previous administrative determination, however, the ALJ was bound under the doctrine of administrative *res judicata* by the previous findings on severe impairments and residual functional capacity (RFC), unless there is new and material evidence of changed circumstances, according to *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840-42 (6th Cir. 1997), and Social Security Acquiescence Ruling (SSAR) 98-4(6), 1998 WL 283902.

The ALJ found that the claimant had not reached the age of 22 as of the alleged disability onset date of August 13, 2011. ALJ Bright reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520; 416.920. She found that the plaintiff had not engaged in substantial gainful activity since August

13, 2011 (step one); the plaintiff suffered from major depressive disorder, generalized anxiety disorder, ADHD, POTS, fibromyalgia, and migraine headaches, impairments which were "severe" within the meaning of the Social Security Act, as the previous ALJ had determined (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff had no past relevant work history (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the same RFC as found in the earlier decision, namely, the capacity to perform light work except that she could never climb ladders, ropes, or scaffolds, could not be exposed to occupational hazards such as dangerous machinery or unprotected heights, and must avoid extremes of heat and cold. The ALJ found that the plaintiff could perform simple, goal-oriented work as long as it was not on a production line or completed at a production rate, and that she could not be required to use independent judgment, make decisions, or cope with changes in work setting more than occasionally. A vocational expert testified that the plaintiff could perform unskilled light work in jobs such as photo copy machine operator (2,500 jobs in the State of Michigan and 135,000 jobs in the national economy), garment bagger (2,000 jobs statewide and 90,000 nationwide), and palletizer (2,000 jobs statewide and 90,000 nationwide). Based on those findings and using Medical Vocational Rule 202.20 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, the plaintiff argued that the ALJ did not weigh the medical evidence properly, because she failed to give appropriate weight to the opinions of treating physicians and other medical sources who treated the plaintiff, and she gave inappropriate weight to state agency physicians who reviewed records and did not examine the plaintiff. The plaintiff also

argued that the ALJ improperly evaluated the credibility of the plaintiff when she testified about the extent of impairments. The magistrate judge suggested in her report that the ALJ gave good reasons in support of the weight she ascribed to the medical sources, and the ALJ's credibility determination was consistent with the requirements of the regulations. The plaintiff objected to both those findings.

In her first objection, the plaintiff contends that the magistrate judge erred by concluding that the ALJ properly considered and weighed the medical evidence. *First*, the plaintiff argues that the ALJ improperly afforded little weight to the opinion of Dr. Nancy Stadler, the plaintiff's primary care physician, on the basis that Dr. Stadler's opinions were inconsistent with her treatment notes. The plaintiff contends that notes indicating that the plaintiff's conditions were "stable with treatment" and that the plaintiff was "doing well" do not establish that the conditions were not disabling, and she argues that Dr. Stadler's conclusions therefore were not inconsistent with her notes. However, those statements do not reflect the whole picture; the ALJ pointed to specific statements in the treatment record that demonstrate the inconsistencies, which the magistrate judge discussed. Moreover, the record citations on which the plaintiff relies to support Dr. Stadler's opinion do not document disabling symptoms, as the magistrate judge also pointed out.

"The Commissioner has elected to impose certain standards on the treatment of medical source evidence." *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011) (citing 20 C.F.R. § 404.1402). The Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical

findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 378, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 477 (6th Cir. 2003)). If an ALJ is unpersuaded, she "is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Gayheart Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). To enable appellate review of the ALJ's decision, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Ibid.* (quoting SSR No. 96-2p, 1996 WL 374188, at *5 (S.S.A. July 2, 1996)).

The magistrate judge concluded that the ALJ gave sufficient reasons for discounting the opinions of Dr. Stadler, and the Court agrees with those findings and adopts them. The plaintiff's objection on that ground will be overruled.

*Second*, the plaintiff argues that the ALJ incorrectly afforded little weight to the medical opinion of Dr. Jill Fox, based on information suggesting that the plaintiff attended school and participated in theater classes while she was under Dr. Fox's care. The plaintiff contends that information suggesting that she was able to attend classes or participate in theater exercises on a part-time basis, and still had difficulty and missed classes due to her conditions, is not inconsistent with the limitations on the plaintiff's ability to perform regular full-time work that Dr. Fox assessed. The plaintiff further argues that the ALJ erred by selectively considering information indicating that Dr. Fox did not change the plaintiff's dosage of Effexor and Xanax during her treatment, while disregarding evidence of changes to prescriptions for other psychotropic medications which indicated that the plaintiff's symptoms were not fully controlled by the overall dosage regimen.

Once again, however, the magistrate judge thoroughly discussed the elements of the administrative record that supported the ALJ's reasons for discounting Dr. Fox's opinions. The plaintiff's objection merely reiterates the arguments she made in her summary judgment motion, which the magistrate judge rejected. The Court agrees with the magistrate judge's determination that the ALJ properly weighed the evidence of Dr. Fox's opinions. The plaintiff's objection on that ground will be overruled.

*Third*, the plaintiff argues that the ALJ improperly disregarded the opinions of social worker Doreen Pant and nurse practitioner Beverly Karabin, after the ALJ determined that neither qualified as an "acceptable medical source." The plaintiff contends that information from all sources in the record must be considered, even if, as with Pant and Karabin, the opinions of those sources may not be afforded the "controlling weight" ordinarily assigned to a medical opinion of a treating provider that qualifies as an acceptable medical source. The plaintiff argues that the magistrate judge erred

in finding that the ALJ was not obligated to explain why the opinions of Pant and Karabin were disregarded, because the ALJ always must articulate substantial reasons for disregarding information from any source in the record.

As the parties acknowledge, the regulations prescribe the types of sources that a claimant can offer to establish an impairment, categorizing them as "acceptable medical sources" and "other sources" that are not "acceptable medical sources." 20 C.F.R. § 404.1513. The failure of a medical provider to qualify as an "acceptable medical source" does not mean that such providers' opinions are disregarded entirely. Instead, the ALJ may also review evidence from "other sources to show the severity" of a claimant's impairments, such as additional medical sources, listing as examples "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists." *Id.* at § 1513(d)(1). The Secretary has explained:

> Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources," these same factors can be applied to opinion evidence from "other sources." These factors represent basic principles that apply to the consideration of all opinions from medical sources who are not "acceptable medical sources" . . . . These factors include:
>
> • How long the source has known and how frequently the source has seen the individual;
> • How consistent the opinion is with other evidence;
> • The degree to which the source presents relevant evidence to support an opinion;
> • How well the source explains the opinion;
> • Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
> • Any other factors that tend to support or refute the opinion.

SSR 06-03P, 2006 WL 2329939, at *4-5 (S.S.A. Aug. 9, 2006).

The magistrate judge stated in her report that "[t]he ALJ is under no obligation to explain the weight given to a nurse practitioner's opinion or give good reasons for why the opinion was discounted." Rep. & Rec. at 14. That is not entirely correct. The ALJ must consider all the

evidence in the administrative record, give it appropriate weight, and provide reasons for her decision. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) (recognizing that the ALJ "must consider all relevant evidence in the case record," including the opinion of a medical provider who does not qualify as an "acceptable medical source") (citing SSR 06-03p); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (stating that "[f]ollowing SSR 06-03P, the ALJ should have discussed the factors relating to his treatment of [the nurse practitioner's] assessment, so as to have provided some basis for why he was rejecting the opinion"). Of course, the ALJ need not analyze non-acceptable medical source opinions with the same rigor as acceptable medical source opinions. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. A'ppx 496, 507-08 (6th Cir. 2006) (noting that "[w]hile it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that[] 'an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party'"). But stating that an ALJ has *no* obligation to give a reason for discounting an opinion takes that point too far.

In this case, however, the ALJ satisfied the obligation to discuss the opinions of Doreen Pant and Beverly Karabin, when she articulated reasons for discounting each of their opinions. Ms. Pant's global assessment of functioning (GAF) score was given "little weight" because the extreme assessment was out of proportion with the entire treatment record. Tr. 21-22. She gave Ms. Karabin's opinion "little weight" because other records indicated that the plaintiff's POTS had been stable for months, and the symptom increase in 2012 was attributable to transitory conditions. Tr. 22.

*Fourth*, the plaintiff contends that the magistrate judge erred by concluding that any error in the ALJ's rejection of psychologist Gayle Oliver-Brannon's opinion was harmless where Brannon concluded that the plaintiff could not perform any regular employment because she tended to give up on daily tasks due to a low tolerance for frustration. The plaintiff contends that the ALJ included some of the specific conditions and limitations noted by Brannon in the hypothetical posed to the vocational expert, but omitted Brannon's crucial conclusion that the plaintiff had a low frustration tolerance that caused her to be unable to perform any regular work. However, it is apparent that the ALJ gave weight to Dr. Oliver-Brannon's opinion because she did, in fact, account for the articulated limitations in her RFC. The Sixth Circuit has reminded lower courts that it "review[s] decisions of administrative agencies for harmless error." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Applying that practice, the court stated that "if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Ibid.* (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). The magistrate judge's harmless error analysis fits within that articulation of the rule.

*Fifth*, the plaintiff contends that the ALJ improperly gave significant weight to the conclusions drawn by state disability examiners, while discounting the opinions of the plaintiff's treating physicians and other sources. The plaintiff asserts that the examining sources reviewed the record in June 2012, long after the alleged disability onset date, and they did not review a complete longitudinal record of the plaintiff's entire treatment history, but instead considered only fragmentary treatment records from December 2011 and January 2012, and unspecified parts of

records from Dr. Fox. The plaintiff argues that assigning significant weight to these non-treating sources especially was inappropriate where the ALJ also rejected the opinions of treating sources. Once again, the plaintiff's objection merely parrots her summary judgment argument, which the magistrate judge addressed and rejected. The magistrate judge appropriately cited *Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 428 (6th Cir. 2014), for the proposition that the opinions of consulting sources may be preferred over those of treating sources when the latter are not well supported by the record. The magistrate judge's analysis is sound.

The plaintiff's first objection will be overruled.

In her second objection, the plaintiff contends that the magistrate judge erred by concluding that the ALJ gave sufficient reasons for finding that the plaintiff's testimony about her symptoms was not credible, based on information suggesting that the plaintiff was able to attend school and participate in theater exercises. For the same reasons noted above, the plaintiff argues that the ALJ's credibility finding was not supported by substantial evidence where the only information that she relied upon in dismissing the plaintiff's testimony actually supported rather than contradicted the plaintiff's claim that she is unable to perform regular full-time work.

The magistrate judge fully addressed these arguments in her report, and adequately documented with references to the administrative record how the ALJ satisfied the requirements of 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). The Court adopts that analysis and will overrule the plaintiff's second objection.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

-11-

the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #19] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #20] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #11] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #18] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

          s/David M. Lawson  
          DAVID M. LAWSON  
          United States District Judge

Dated: April 5, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2016.

          s/Susan Pinkowski  
          SUSAN PINKOWSKI